**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| McDERMOTT WILL & EMERY LLP, a limited liability partnership, | |
| Plaintiff, | Civil Action No. |
| | Judge: |
| v. | Magistrate Judge: |
| YOLANDA PILLOWS, an individual, and McDERMOTT WILL & EMERY LLP INC., an Illinois corporation, | |
| Defendants. | |

**COMPLAINT**

Plaintiff McDermott Will & Emery LLP (hereinafter "Plaintiff" or "McDermott"), alleges as follows against Defendants Yolanda Pillows ("Pillows") and McDermott Will & Emery LLP Inc. ("Defendant Corporation"):

**NATURE OF THE ACTION**

1. This is an action for [I] trademark infringement under the laws of the United States, as provided under Title 15, United States Code §1114; [II] unfair competition under the laws of the United States, as provided under Title 15, United States Code § 1125(a); and [III] trademark dilution under the laws of the United States, as provided under Title 15, United States Code § 1125(c).

**THE PARTIES**

2. Plaintiff is a limited liability partnership with an office at 227 West Monroe Street, Chicago, Illinois 60606.

3. Plaintiff is a premier international law firm with a diversified business practice. Plaintiff and affiliated entities throughout the United States and abroad use the name McDermott Will & Emery.

4. Plaintiff offers extensive legal services under the service mark MCDERMOTT, WILL & EMERY to clients.

5. Defendant Corporation is an Illinois corporation formed in 2014 that has its principal place of business at 418 N. Hamlin Avenue, Chicago, Illinois 60624. According to Defendant Corporation's Articles of Incorporation, Defendant Corporation was formed for the purpose of "the transaction of any and all lawful businesses" in which Illinois corporations may engage. A copy of Defendant Corporation's Articles of Incorporation is attached as Exhibit A.

6. Pillows is an individual. On information and belief, Pillows resides in Chicago. Defendant Corporation's Articles of Incorporation identify Pillows as the corporation's sole incorporator and registered agent.

7. On information and belief, Defendant Corporation and Pillows (collectively, "Defendants") are doing business or planning to do business under the name McDermott Will & Emery LLP Inc., albeit not for any lawful or proper purpose.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

9. Personal jurisdiction over Defendants is vested in this Court because Defendants have committed one or more of the acts complained of herein within this State and Judicial District.

10. Venue is proper within this judicial district under 28 U.S.C. § 1391(c).

## BACKGROUND FACTS

11. Plaintiff continually has used in commerce the MCDERMOTT, WILL & EMERY service mark for many years in connection with its law business, including on business cards, publications, organizational and promotional literature, internet websites, and other media.

12. The MCDERMOTT, WILL & EMERY service mark is duly registered in the United States Patent and Trademark Office under the valid, subsisting, and uncancelled U.S. Registration No. 2,359,618 ("the '618 Registration"), and Plaintiff is the owner thereof. The registration is now "incontestable" pursuant to Section 15 of the Lanham Act. 15 U.S.C. § 1065. A copy of the MCDERMOTT, WILL & EMERY service mark registration is attached as Exhibit B.

13. As a result of extensive use and promotion for decades, the MCDERMOTT, WILL & EMERY service mark has become widely and favorably known as identifying Plaintiff's services, and Plaintiff has developed extensive and valuable goodwill in the MCDERMOTT, WILL & EMERY service mark.

14. By reason of the foregoing, Plaintiff's MCDERMOTT, WILL & EMERY service mark has acquired fame in the eyes of consumers.

15. Defendants adopted the "McDermott Will & Emery LLP Inc." trade name despite Plaintiff's nationwide rights in the MCDERMOTT, WILL & EMERY service mark and for the

express purpose of creating confusion among consumers of legal services, vendors, and others by causing a mistaken belief that the Defendant Corporation is affiliated with or related to Plaintiff.

16. On information and belief, Defendants continue to do business, or plan to do business, under a name that is nearly identical to Plaintiff's registered MCDERMOTT, WILL & EMERY service mark.

17. In fact, Defendants' use of "McDermott Will & Emery LLP Inc." already has caused, and will continue to cause, confusion among consumers.

18. For example, on or about June 16, 2015, Plaintiff was negotiating a contract with a vendor who confused Defendant Corporation with Plaintiff. The vendor searched for information about Plaintiff on the Illinois Secretary of State's website business search, located at www.ilsos.gov/corporatellc. After reviewing the results, the vendor informed Plaintiff that Plaintiff was listed as "not in good standing" on the website. Upon further investigation, Plaintiff and the vendor determined that the vendor was confused, and mistakenly identified business information about Defendant Corporation as reflecting business information about Plaintiff.

19. Similarly, on or about June 19, 2015, Plaintiff was informed by a process server that the process server first had attempted service of documents at the address listed for Defendant Corporation.

20. Pillows also represents on social media sites that she is engaged in legal or related services. These representations, combined with her usage of the "McDermott Will & Emery LLP Inc." trade name, are intended to and will cause further confusion, mistake or deception.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

21.     As a complete and first ground for relief, Plaintiff hereby alleges infringement against Defendants of the '618 Registration under the trademark laws of the United States 15 U.S.C. § 1051 *et seq.*, and in particular, 15 U.S.C. § 1114.  Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1-20.

22.     The '618 Registration is in full force and effect on the Principal Trademark Register and, as incontestable Registration, constitutes conclusive evidence of the validity of the registered trademark and of the registration of the mark, of Plaintiff's ownership of the registered trademark, and of Plaintiff's exclusive right to use the registered trademark in commerce as provided under 15 U.S.C. § 1115.

23.     The acts of Defendants complained of herein have caused and are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others in violation of 15 U.S.C. § 1114.

24.     Defendants' infringement of Plaintiff's rights in the MCDERMOTT, WILL & EMERY service mark and the '618 Registration is detrimental to the goodwill and business reputation symbolized by the MCDERMOTT, WILL & EMERY service mark.

25.     Defendants' infringement of Plaintiff's rights in the MCDERMOTT, WILL & EMERY service mark has been of a willful and wanton nature.  Defendants have intentionally adopted a trade name, "McDermott Will & Emery LLP Inc.," which is virtually identical to Plaintiff's mark.

26.     Defendants' acts alleged herein were committed willfully, wantonly and with knowledge that such unauthorized trademark use is likely to cause confusion or mistake, or to

deceive consumers into believing that Defendants are affiliated or connected with, related to, or sponsored by Plaintiff.

27. As a result of Defendants' actions, Plaintiff will suffer serious and irreparable injury and, unless restrained by this Court, is likely to suffer further irreparable injury by Defendants' continued infringement, for which Plaintiff has no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION

28. As a complete and second ground for relief, Plaintiff hereby alleges federal unfair competition against Defendants under the trademark laws of the United States and, in particular, 15 U.S.C. § 1125(a), for unfair competition, infringement and unlawful appropriation of the MCDERMOTT, WILL & EMERY service mark. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1-27.

29. Without the consent or authorization of Plaintiff, Defendants have adopted, registered with government agencies and used the trade name "McDermott Will & Emery LLP Inc."

30. The acts of Defendants complained of herein constitute use of a false designation of origin or a false representation of fact which is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of its goods and/or services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. The unfair competition in which Defendants are engaged has been of a willful and wanton nature because Defendants' trade name "McDermott Will & Emery LLP Inc." was adopted by Defendants in order to cause both a likelihood of confusion and actual consumer confusion with Plaintiff's mark.

32. As a result of the activities complained of herein, Defendants have caused Plaintiff irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

## COUNT III

### TRADEMARK DILUTION UNDER FEDERAL LAW

33. As a complete and third ground for relief, Plaintiff hereby alleges dilution against Defendants under the trademark laws of the United States and, in particular, § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1-32.

34. Plaintiff's MCDERMOTT, WILL & EMERY service mark has widespread fame and recognition, and had achieved fame and recognition long before Defendants commenced their unlawful conduct described herein.

35. Defendants' conduct as described herein constitutes dilution of the famous MCDERMOTT, WILL & EMERY service mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36. Defendants' conduct as described herein is a willful attempt to dilute the distinctive quality of Plaintiff's MCDERMOTT, WILL & EMERY service mark and to trade on the goodwill and reputation thereof.

37. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

38. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff McDermott Will & Emery LLP prays for the following relief:

1. Judgment that Defendants have infringed Plaintiff's MCDERMOTT, WILL & EMERY service mark, and that Defendants have damaged Plaintiff's goodwill in the MCDERMOTT, WILL & EMERY service mark by the acts complained of herein, in violation of 15 U.S.C. § 1114.

2. Judgment that Defendants have competed unfairly with Plaintiff by adopting and using the MCDERMOTT, WILL & EMERY service mark, and that Defendants have damaged Plaintiff's goodwill in the MCDERMOTT, WILL & EMERY service mark by the acts complained of herein, in violation of 15 U.S.C. § 1125.

3. An order granting a temporary, preliminary, and a permanent injunction restraining and enjoining Defendants and any principals, agents, servants, employees, successors, and assigns of Defendants and all those in privity, concert, or participation with Defendants from:

   (i) Using the mark "McDermott Will & Emery LLP Inc." for any purpose whatsoever, or using any similar marks or trade names;

   (ii) imitating, copying, duplicating, or otherwise making any use of the MCDERMOTT, WILL & EMERY service mark or confusingly similar service marks, trademarks and trade names, including "McDermott Will & Emery LLP Inc.";

(iii) manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the MCDERMOTT, WILL & EMERY service mark or confusingly similar service marks, trademarks and trade names, including "McDermott Will & Emery LLP Inc.";

(iv) using any unauthorized copy or colorable imitation of the MCDERMOTT, WILL & EMERY service mark or confusingly similar trademarks, service marks and trade names, including "McDermott Will & Emery LLP Inc." in such fashion as is likely to falsely relate or connect Defendants with Plaintiff;

(v) using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to mistakenly believe that any good or service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, approved, authorized by or connected with Plaintiff;

(vi) engaging in any other activity that is likely to cause confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's MCDERMOTT, WILL & EMERY service mark by the unauthorized use of the same or a confusingly similar equivalent service mark, including "McDermott Will & Emery LLP Inc.";

(vii) engaging in any other activity constituting unfair competition or infringement of the MCDERMOTT, WILL & EMERY service mark or Plaintiff's rights in, to use, or to exploit the same; and

      (viii)    assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vii) above.

4.    An order granting a mandatory injunction ordering Defendants to take all necessary steps to dissolve the Defendant Corporation or, in the alternative, to change Defendant Corporation's name.

5.    An order granting a mandatory injunction ordering Defendants to take all necessary steps to remove any listing of Defendant Corporation's name from any public records.

6.    An order requiring Defendants and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials of any kind, including signs, wrongfully bearing the MCDERMOTT, WILL & EMERY service mark or confusingly similar trademarks, service marks and trade names, including "McDermott Will & Emery LLP Inc."

7.    An order requiring Defendants and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants who receive actual notice of said order to provide Plaintiff with the identify of all third parties with whom Defendants have identified themselves using the MCDERMOTT, WILL & EMERY name or any similar name.

8. An order awarding to Plaintiff such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Respectfully submitted,

Dated: September 4, 2015

/s/ Brent A. Hawkins
Brent A. Hawkins
Zachary Miller
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: bhawkins@mwe.com

*Attorneys for Plaintiff McDermott Will & Emery LLP*

DM_US 62713880-8.T13909.0010

# EXHIBIT A

File Number 6948-872-2



## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that I am the keeper of the records of the Department of Business Services. I certify that

ATTACHED HERETO IS A TRUE AND CORRECT COPY, CONSISTING OF 1 PAGE(S), AS TAKEN FROM THE ORIGINAL ON FILE IN THIS OFFICE FOR MCDERMOTT WILL & EMERY LLP INC..



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this 28TH day of JULY A.D. 2015

*Jesse White*

SECRETARY OF STATE

Authentication #: 1520900495 verifiable until 07/28/2016.
Authenticate at: http://www.cyberdriveillinois.com

FORM **BCA 2.10**
ARTICLES OF INCORPORATION
Business Corporation Act

Filing Fee: $150
Franchise Tax: $ 25
**Total: $175**

File #: **69488722**

Approved By: **MJE**

**FILED**
**MAR 12 2014**

**Jesse White**
**Secretary of State**

1. Corporate Name: MCDERMOTT WILL & EMERY LLP INC.

2. Initial Registered Agent: YOLANDA PILLOWS
                                   First Name       Middle Initial      Last Name

   Initial Registered Office: 418 N HAMLIN AVE
                                   Number         Street         Suite No.

   CHICAGO         IL     60624-1109        COOK
      City                             ZIP Code           County

3. Purposes for which the Corporation is Organized:
   The transaction of any or all lawful businesses for which corporations may be incorporated under the Illinois Business Corporation Act.

4. Authorized Shares, Issued Shares and Consideration Received:

| Class | Number of Shares Authorized | Number of Shares Proposed to be Issued | Consideration to be Received Therefor |
|---|---|---|---|
| COMMON | 1 | 1 | $ 1 |

**NAME & ADDRESS OF INCORPORATOR**

5. The undersigned incorporator hereby declares, under penalties of perjury, that the statements made in the foregoing Articles of Incorporation are true.

   Dated MARCH 12 , 2014     418 N HAMLIN
             Month & Day       Year               Street

   YOLANDA PILLOWS     60624              IL     60624
         Name               City/Town      State     ZIP Code

This document was generated electronically at www.cyberdriveillinois.com

# EXHIBIT B

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,359,618

Registered June 20, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

## MCDERMOTT, WILL & EMERY

MCDERMOTT, WILL & EMERY (PARTNERSHIP)
227 WEST MONROE STREET
CHICAGO, IL 606065096

FOR: LEGAL SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-0-1934; IN COMMERCE 2-0-1934.

SER. NO. 75-608,665, FILED 12-18-1998.

DAVID TAYLOR, EXAMINING ATTORNEY